**DICELLO LEVITT LLP**
Carrie Syme (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000 x 502
csyme@dicellolevitt.com

*Attorneys for Plaintiffs and the Proposed Class*

*Additional Counsel on Signature Pages*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| COLE UNGER, and STEVEN PRESCOTT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE WALT DISNEY COMPANY,<br><br>Defendant. | Case No. 5:25-cv-01163-EJD-VKD<br><br>Hon. Edward J. Davila<br><br>**NOTICE** |

On June 6, 2025, Defendant Disney's counsel informed the undersigned ("*Unger* Counsel") that it had reached a settlement in principle during a mediation with plaintiffs' counsel in the related action *Biddle v. Walt Disney Co.*, No. 5:22-cv-07317-EJD (N.D. Cal.) ("*Biddle* counsel"). To *Unger* Counsel's surprise, they were told that the terms of the agreement purported to resolve all of the claims in both the *Biddle* action—on behalf of the DirectTV- and YouTube-subscriber classes—and this action, on behalf of a separate Fubo-subscriber class. Soon thereafter, the *Biddle* parties filed a joint notice with the Court informing it of the settlement in principle, as well as *Biddle* counsel's intention to move for permission to act authoritatively for the Fubo class and to request a stay of both actions. ECF No. 147.

Plaintiffs—Fubo subscribers and class representatives ("*Unger* Plaintiffs")—file this Notice for two reasons: (1) to inform the Court of the facts surrounding the putative settlement in

principle, and (2) to indicate the *Unger* Plaintiffs' intent to intervene in the *Biddle* case to protect their interests and those of the Fubo-subscriber class they represent.

To start, there is no settlement in principle with respect to the claims alleged by Plaintiffs and the proposed class (Fubo subscribers) in this case. Only *Unger* Counsel represent the Unger Plaintiffs. Yet *Unger* Counsel did not participate in the mediation, nor were they invited to participate or even told that it was happening. As a result, the *Unger* Plaintiffs were not represented at the mediation nor given any input into the terms of any settlement in principle.

As the Court is aware, the *Biddle* complaint does not allege any claims on behalf of a class of Fubo subscribers. As a result, *Biddle* counsel does not represent any Fubo-subscriber class or its interests. Nor does *Biddle* counsel represent the *Unger* Plaintiffs, who have filed this separate action on behalf of a Fubo-subscriber class. Thus, *Biddle* counsel does not have a fiduciary duty to act in the best interests of the Fubo class. Only *Unger* Counsel does. And there has been no determination by the Court otherwise.

Despite all of this, *Biddle* counsel unilaterally engaged in secret settlement negotiations purportedly on behalf of a Fubo-subscriber class that it does not represent and that it knows is ably represented by *Unger* Counsel. This conduct is not in the best interests of the Fubo-subscriber class, as was made evident by *Biddle* counsel's own statements to the Court at the May 15, 2025 hearing and summarized in detail by the *Unger* Plaintiffs' Brief Regarding Case Management Issues, filed on May 30, 2025. ECF No. 68. This opportunism should not be countenanced, especially given that the *Biddle* parties were on notice of potential conflicts in having the same counsel represent multiple classes in both cases. *Id*.

If Disney would like to resolve the *Unger* action, separately or in conjunction with the *Biddle* case, *Unger* Counsel welcomes the opportunity and is prepared to engage in such discussions.

In the interim, however, in order to protect their significant interests, *Unger* Plaintiffs will be moving to intervene in the *Biddle* case. This will allow the *Unger* Plaintiffs to respond to any motion that may interfere with their rights or those of the Fubo-subscriber class. Indeed, in its

Notice to the Court, *Biddle* counsel has made clear that it intends to seek authority from the Court under Federal Rule of Civil Procedure 23(g) to "seek preliminary approval on behalf of the Fubo class members." *Unger* Counsel will invariably seek to respond to this on both procedural and legal/substantive grounds, as well as any motion to stay some or all of the *Unger* proceedings, which *Biddle* counsel also suggests it will make.

      Finally, if any settlement is executed in the *Biddle* action that infringes on or attempts to resolve any of the claims in *Unger* or the rights of a Fubo-subscriber class, *Unger* Plaintiffs may exercise their rights pursuant to Court-approved procedures to object to the settlement in whole or in part if and when preliminary approval is granted.

      *Unger* Counsel have provided a courtesy copy of this Notice to *Biddle* counsel.

Dated: June 9, 2025                                     Respectfully submitted,

*/s/ Gregory Asciolla*
Gregory S. Asciolla (*pro hac vice*)
Carrie Syme (*pro hac vice*)
John Shaw (*pro hac vice*)
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
gasciolla@dicellolevitt.com
csyme@dicellolevitt.com
jshaw@dicellolevitt.com

Steve Jodlowski (S.B. #239074)
4747 Executive Drive, Suite 240
San Diego, California 92121
(619) 923-3939
stevej@dicellolevitt.com

Joseph J. DePalma (*pro hac vice*)
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, NJ 07102

(973) 623-3000
jdepalma@litedepalma.com

Steven J. Greenfogel (*pro hac vice*)
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(267) 314-7980
sgreenfogel@litedepalma.com

*Attorneys for Plaintiffs and the Proposed Class*